UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Case No. |
| v.  ) | 12-cr-65-JMH |
| ) | |
| NICHOLAS COREY GARNER and ) | |
| ELI HOLLEY, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. ) | |
| ) | |

\*\*\*

Fed. R. Crim. P. 44(c)(2) requires this Court to "promptly inquire about the propriety of joint representation." Accordingly, upon entry of Attorney Eric Deters' appearance for Defendant Nicholas Corey Garner on December 6, 2012, which was in addition to his appearance on behalf of Defendant Eli Holley on December 3, 2012, the Court ordered [DE 112] and, soon thereafter, convened a hearing [DE 116] so that it might be advised concerning that joint representation. The Court has now had the benefit of both briefing and argument by counsel.[1] [DE 113, 116, 118.]

---

[1] During the December 18, 2012, hearing, Defendant Nicholas Corey Garner appeared. Defendant Eli Holley was not, however, present. At that hearing, the Court personally advised Defendant Garner of his right to the effective assistance of counsel, including separate representation and identified both the actual and potential conflicts of interest set forth in this memorandum opinion and order that have or could arise out of any joint representation by Attorney Deters.

The Sixth Amendment establishes a presumption in favor of the defendants' counsel of choice, but "'that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict.'" *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000) (quoting *Wheat v. United States*, 486 U.S. 153, 164 (1988)). This is because the Sixth Amendment guarantees "an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat*, 486 U.S. at 159. A conflicted attorney is not an effective advocate for "[t]he mere physical presence of an attorney does not fulfill the Sixth Amendment guarantee when the advocate's conflicting obligations have effectively sealed his lips on crucial matters." *Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978).

"Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." Fed. R. Crim. P. 44(c)(2). The Court may exercise "substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat*, 486 U.S. at 163. In the present matter, the Court cannot conclude that there is good

cause to believe that no conflict of interest has arisen or is likely to arise. Rather, there is evidence that an actual conflict of interest already exists and the Court has identified, as well, a number of potential conflicts of interest.

The United States cites the fact that the parties' plea negotiations have been stalled since Attorney Deters became involved in this case as proof of an actual conflict. Attorney Deters agrees that no further plea negotiations have taken place but argues that this is not proof of an actual conflict, notwithstanding the fact that the United States Court of Appeals for the Sixth Circuit has already held that "foregoing plea negotiations is proof of an actual conflict of interest." *United States v. Hall*, 200 F.3d 962, 966 (6th Cir. 2000). He states that Defendant Garner, who was the only one of these two co-defendants with a plea offer "on the table" during the relevant period did not wish to accept the "deal" that had been offered to him by the government in plea negotiations because it was "unreasonable" to him. Deters suggests that this decision was reached by Garner without any consideration of whether Garner's decision to reject the plea was helpful or harmful to Defendant Eli Holley. That said, he has also made clear that Garner has determined that he wishes to proceed in a united fashion with his co-defendant and mother, Holley, so the Court

is hard pressed to believe that his decision to decline further plea negotiations was not influenced in some substantial fashion by how it might impact the case against Holley. In other words, the Court concludes that an actual conflict exists at this time.

Further, the Court concludes that there is a strong potential for future conflict of interests based on the nature and circumstances of the charges with which these co-defendants are faced – allegations that they are co-conspirators, that they were each in a position to observe the other's allegedly criminal conduct, that they played different roles in the conspiracy, and that Garner served a leadership role in the conspiracy, often directing Holley to take actions in furtherance of the conspiracy. Should either elect to testify in his or her own defense at trial, his or her testimony could be harmful to the other, and these co-defendants' interests could only diverge further if either of them elects to enter into a guilty plea and cooperate with the government during the trial. An attorney-in-common, such as Attorney Deters, would be faced with the prospect of examining or cross-examining a witness whom he represents and whose interest lies in direct conflict with his other client.

Through counsel, Defendants Garner and Holley have stated that they are willing to waive any conflict and communicated their desire to continue with dual representation to the

conclusion of this matter, stressing their desire to present a "united" defense. In the most recent briefing filed on this issue, Attorney Deters has again emphasized the defendants' desire and willingness to waive any conflict as well as his own intent and desire to insure that he has adequately informed his clients of any conflicts that have or may arise.

Attorney Deters will, however, be limited in his ability to adequately represent either party if he continues to represent them both. Frankly, he would still be unable to fully represent either one of these defendants in the scenarios described here even if he withdrew from representation of one of them today. Both Holley and Garner need effective representation, i.e., an attorney who has no conflict with respect to the interests that he represents, in this criminal matter. This Court is obliged to make sure that dual representation does not stand in the way of counsel's effectiveness, said counsel's best intentions notwithstanding.[2]

---

[2] Defendants insist that the government is "attempt[ing] to use the rules of Criminal Procedure as a tool to disqualify the attorney of the Defendants' choice so that they can be more easily persuaded to accept a plea, even though they maintain innocence." Stating it another way, they argue that it is a common tactic of the prosecution to divide and conquer in a criminal prosecution and that dual representation of the defendants could be used to defeat that tactic. Whether or not that is a common "tactic," it does not change the fact that the Court must and did raise this issue *sua sponte* because the Rules of Criminal Procedure demand it. There are difficulties inherent in dual representation because an attorney's ability to give the best representation to both clients is compromised when what one defendant does – in their own best interest and within their rights -- might hurt the other defendant's interests in the proceedings. The reality is that the type of solidarity that these defendants desire can be achieved even with

The Court will take, as it must, "appropriate measures" to protect Defendants' right to counsel. "Appropriate measures" include requiring "that an attorney who represents two co-defendants cease his representation of either or both of them." *United States v. May*, 493 F. Supp. 2d 942, 944 (S.D. Ohio 2004). It is clear that Deters has met and spoken with both clients about this case for he states that his clients have reached a decision to proceed to trial together, citing their desire to be "united" in their defense and, to a lesser extent, the cost savings achieved by hiring a single attorney. As a result and in this instance, the Court concludes that only the disqualification of Attorney Deters with respect to the representation of both of these co-defendants is sufficient to protect their right to counsel in light of the conflicts that have arisen and will, in all likelihood, continue to arise.

Accordingly, **IT IS ORDERED:**

(1) that Attorney Eric Deters is **DISQUALIFIED** from representing either Defendant Nicholas Corey Garner or Eli Holley in this matter, is **STRICKEN AS COUNSEL OF RECORD,** and is

---

separate counsel, and the Court's conclusion today does not foreclose the co-defendants' opportunity to present a "unified" or "united" defense.
    Defendants also suggests that the government wants Attorney Deters disqualified only because it prefers that defendants are represented by a public defender. The Court is not entirely sure what Defendants' point is. The Court sees no evidence that the government has an opinion one way or the other with respect to whether defendants are represented by retained or court-appointed counsel.

relieved of further responsibility in this matter once he has advised his clients of this memorandum opinion and order;

(2) that Defendant Nicholas Corey Garner shall acquire new counsel, who shall enter an appearance, or advise the Court of his intent to proceed *pro se* within **ten (10) days** of entry of this order.

(3) that Defendant Eli Holley shall acquire new counsel, who shall enter an appearance, or advise the Court of her intent to proceed *pro se* within **ten (10) days** of entry of this order.

This the 7th day of January, 2013.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge