```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON

UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )         Criminal Case No.
v.                            )            12-cr-65-JMH
                              )
NICHOLAS COREY GARNER,        )            AMENDED
                              )   MEMORANDUM OPINION & ORDER*
     Defendant.               )

                             ***
```

This matter is yet again before the Court as a result of Defendant Nicholas Corey Garner's pro se request for relief. This request is dated January 22, 2015, and is styled "Response to Court's Order DE # 569."[1] The Court received this document on January 27, 2015. Having carefully reviewed the papers, the Court considers it a renewed motion to discharge Defendant Garner's appointed counsel and provide Garner with new counsel. The Court will also address his request for self-representation.

---

[*] This Memorandum Opinion and Order is amended solely to correct an unintended omission on page 6 of the originally filed order. That Memorandum Opinion and Order [DE 585] read "Garner's claims of error can be explored on appeal, but the Court sees no reason to conclude that Attorney Stephens is providing Garner with effective assistance of counsel at this time or to provide Garner with new counsel." It should read "Garner's claims of error can be explored on appeal, but the Court sees no reason to conclude that Attorney Stephens is *not* providing Garner with effective assistance of counsel at this time or to provide Garner with new counsel." That correction is reflected in this Amended Memorandum Opinion and Order on page 7.

[1] Curiously, Defendant Garner's papers are dated January 22, 2015, and the return address on the envelope reflects what the Court knows to be Defendant's address while detained, at the Grayson County Detention Center in Leitchfield, Kentucky. However, the envelope was sent via certified mail on January 22, 2015, from Atlanta, Georgia.

1

**A. Motion to Discharge Counsel**

Garner again argues that his counsel of record, Attorney Andrew M. Stephens, has provided ineffective assistance of counsel in this matter. At length, he explains that he believes that appointed counsel does not know the law and that his attorney enjoys hiding things from him. The Court is familiar with the record in this matter and sees no reason to conclude that Attorney Stephens does not "know the law" applicable in this case, nor does the Court have any reason to believe that Attorney Stephens is hiding things from his client. Indeed, Attorney Stephens represents that he has sent, filed, or arranged to send in the future each and every item of which Garner complains in his many filings. Since the Court can find no evidence that counsel has hidden things from Garner, the Court cannot determine what amount of pleasure that counsel would derive from it.

Rather, the Court observes that each and every time there is a significant proceeding before the Court, Defendant is reminded and, thus, reminds the Court that he vehemently disagrees with (1) the law applicable to this case and (2) his counsel's understanding of the law and the conclusions that counsel draws and argues from the application of the law to the facts presented in this matter. Notably, Garner insists that he cannot be responsible for losses which occurred as the result of


activities outside of the United States or as a result of activity undertaken by others within the United States. He argues that any estimation of loss is inappropriate and that, moreover, the Court cannot hold defendants responsible for any estimate other than that which the United states urged. He insists that he can only be held responsible for the money transfers which he undertook to make directly. The Court has already explained in its opinion of December 19, 2014 [DE 558] why his arguments are unfounded.

Garner's disagreement with his counsel's assessment of the matter, his counsel's actions before the Court, and the Court's decisions invariably takes the form of a request to discharge counsel. Each of the requests – including the most recent – are untimely and would interfere with the prompt and efficient administration of justice if granted since Garner's requests always fall just prior to significant hearings related to sentencing. [*See* Jan. 22, 2015, "Response" (dated eleven days prior to final sentencing hearing); DE 568 (dated January 1, 2015, one month prior to final sentencing hearing and between hearing on amount of loss and final sentencing hearing); DE 445 (dated July 1, 2014, approximately three weeks prior to amount of loss hearing scheduled on July 21, 2014, and sentencing hearing scheduled on July 24, 2014, both of which were later continued); DE 436 (dated June 24, 2014, approximately one month

prior to amount of loss hearing scheduled on July 21, 2014, and sentencing hearing scheduled on July 24, 2014, both of which were later continued).

The Court balances that untimeliness and the potential for interference with the prompt and efficient administration of justice with the nature and extent of the conflict between the attorney and client and explores whether, for example, it is so great that it results in a total lack of communication preventing an adequate defense.  The Court concludes that it does not and that Garner has not shown good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with his attorney which would warrant substitution of counsel.  *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990) ("An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel.").

From Garner's January 22, 2015, papers and all of the others filed before, the Court understands that Garner and his counsel disagree about the state of the law, the application of the law to the facts presented in this case, and counsel's commitment to candor to the Court concerning the law applicable to this matter.  As before, these disagreements are not a sufficient reason to permit the dismissal of counsel.  *See United States v. Marrero*, 651 F.3d 453, 466 (6th Cir. 2011)

4

(holding that "defendant's differences of opinions with his attorney do not create a complete breakdown of communication that compromises his defense"). His "'dissatisfaction with the responses he got from his lawyer, not with the lack of opportunity or his inability to talk to his lawyer or contact his lawyer,'" does not establish a total lack of communication, *id.* (quoting *United States v. Saldivar–Trujillo,* 380 F.3d 274, 278 (6th Cir. 2004)), nor does a lack of communication – or in this Court's mind, difficulty in communicating – resulting from a defendant's refusal to cooperate with his attorney constitute good cause for substituting counsel. *Id*. (citing *United States v. Vasquez,* 560 F.3d 461, 468 (6th Cir. 2009)).

"The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all 'critical stages' of the criminal process." *Id.* at 464 (quoting *United States v. Wade*, 388 U.S. 218, 224 (1967)). "The right to counsel does not guarantee that a criminal defendant will be represented by a particular attorney." *Id.* (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989)). In this instance, the Sixth Amendment does not guarantee that Garner will be represented by an attorney who agrees with him, particularly when Garner's own take on the law is misguided at best. Counsel has seen fit to honor his duty of candor to the Court, arguing the facts and law as he finds them and as he must. Attorney

5

Stephens has also informed the Court of his client's disagreement with the law and the application of the law to the facts of this case – even when counsel disagreed with his client's assessment of the case.  In other words, he has walked the tightrope of duty to court and to duty to client that an attorney must walk in every case.  That balancing act has not been an easy one when it comes to representing Defendant Garner.[2]

Garner believes his counsel is against him when, in fact, the law and the facts are against him.  At this point, the inquiry into efficiency and the nature of his complaints about his counsel come full circle and meet since it would "impede[] the efficient administration of justice because his complaints about his attorney's performance [are] frivolous." *Marrero*, 651 F.3d at 467 (quoting *Saldivar–Trujillo*, 380 F.3d at 278; citing *United States v. Pittman*, 11 F. App'x 521, 526 (6th Cir. 2001) (noting that defendant has "little legitimate interest in obtaining new counsel" when "the court [finds] that the dispute [the defendant had] with his counsel was such as he would likely have had with any counsel")).

---

[2] This is one of the reasons that Attorney Stephens is the <u>third</u> attorney appointed to represent Garner in this matter. Garner even made efforts to retain the services of a <u>fourth</u> attorney, Eric Deters, who was dismissed as counsel because of an unwaivable conflict. Defendant has disagreed with each of those appointed attorneys and, save for Attorney Deters (who never had an opportunity to agree or disagree with his client before this Court before he was discharged), challenged his counsel's efforts to practice the case on his behalf.

6

Garner's claims of error can be explored on appeal, but the Court sees no reason to conclude that Attorney Stephens is not providing Garner with effective assistance of counsel at this time or to provide Garner with new counsel. His right to counsel is respected by providing him with the counsel appointed by the Court, Attorney Stephens.

**B. Motion to Proceed Pro Se**

Having determined to its satisfaction that Attorney Stephens has provided Garner with capable and effective assistance of counsel to date, the Court considers Garner's request to proceed pro se: "As of this filing I don't have a lawyer like I said counsel will not play with my life no time for delays I can represent myself." [See Jan. 22, 2015, "Response" at p. 9.] Garner insists that he has a right to effective assistance of counsel, and he insists that he may represent himself. At the end of the day, Garner does have an attorney, so the Court must be sure that he is making an unequivocal invocation of his right to self-representation since his statement could be read to suggest that he will proceed pro se in the absence of effective assistance of counsel. See *United States v. Martin*, 25 F.3d 293, 295 (6th Cir. 1994) ("To assert the right of self-representation, a defendant must do so unequivocally.") (citing *Hamilton v. Vasquez*, 17 F.3d 1149 (9th Cir. 1994); *United States v. Jones*, 938 F.2d 737, 742 (7th Cir.

7

1991); *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 15 (2d Cir. 1965)).

Accordingly, the Court will permit Defendant Garner to assert his right to self-representation clearly and unequivocally at the beginning of the hearing set in this matter on Monday, February 2, 2015, with the knowledge that the Court considers Attorney Stephens' representation to be effective in spite of Garner's many disagreements with it.  If he clearly and unequivocally asserts his right to self-representation, the Court will then conduct a *Faretta* hearing to inquire into the knowing and voluntary nature of the waiver of his right to counsel.  *United States v. Evans*, 559 F. App'x 475, 480 (6th Cir. 2014) (citing *United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2004); *see Faretta v. California*, 422 U.S. 806 (1975)*.* The Court will "ask the defendant series of questions drawn from, or substantially similar to, the model inquiry set forth in the *Bench Book for United States District Judges*." *Evans*, 559 F. App'x at 480 (citing *United States v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004)).  Finally, the Court will consider whether Garner is competent to represent himself in proceedings before this Court, including sentencing.  *See Indiana v. Edwards*, 554 U.S. 164 (2008)*.*

Accordingly, **IT IS ORDERED:**

(1) That the Clerk shall file Defendant Nicholas Corey Garner's "Response to Court's Order DE # 569" in the record of this matter;

(2) That Garner's request for relief in his "Response to Court's Order DE # 569" is **DENIED IN PART**, with respect to his request to discharge appointed counsel.

(3) That Garner's request for relief in his "Response to Court's Order DE # 569" remains pending in part with respect to his request for self-representation.

(4) That Attorney Andrew M. Stephens remains counsel of record at this time.

(5) That the matter remains scheduled for sentencing of the defendant on Monday, February 2, 2015, at the hour of 1:00 P.M. regardless of whether the defendant is proceeding with Mr. Stephens as his attorney or pro se.

(6) A copy of this Order shall be served by certified mail upon the defendant at the address indicated on the motion at bar.

This the 28th day of January, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge