UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL ACTION NO. 12-65-DLB-MAS
CIVIL ACTION NO. 18-228-DLB-MAS

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.          **ORDER ADOPTING REPORT AND RECOMMENDATION**

NICHOLAS COREY GARNER                                                           DEFENDANT

\* \* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \* \*

This matter is before the Court upon pro se Defendant Nicholas Corey Garner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 882). Consistent with local practice, this matter was referred to United States Magistrate Judge Matthew A. Stinnett[1] for the purpose of reviewing the Motion and preparing a Report and Recommendation ("R&R"). On April 30, 2019, Judge Stinnett issued his R&R (Doc. # 963) wherein he recommends that Garner's Motion be denied. Garner having filed timely Objections to the R&R (Doc. # 971), this matter is now ripe for the Court's review. For the reasons set forth herein, Garner's Objections are **overruled** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court. As a result of the denial of Garner's § 2255 Motion, many of his other pending Motions must be denied as moot. *See infra*.

---

[1] This matter was originally referred to Judge Wier. Judge Wier received his judicial commission as a district judge of the Eastern District of Kentucky on June 12, 2018, terminating his service as a magistrate judge; the referral was rescinded accordingly, (Doc. # 901). The case was then randomly referred to Magistrate Judge Stinnett on January 25, 2019. (Docs. # 935 and 936).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 12, 2013, Garner and numerous co-defendants were indicted on charges of conspiracy to commit wire fraud.[3] (Doc. # 152). The conspiracy involved a dozen individuals in an international scheme to defraud people purchasing vehicles on the internet over the course of several years. *Id.* On December 4, 2013, Garner pled guilty to conspiracy without a plea agreement. (Doc. # 333). In June 2014, prior to sentencing, Garner moved pro se to withdraw his guilty plea over his counsel's objections. (Doc. # 413). The Court denied this request and Garner was sentenced on February 2, 2015, to 240 months of imprisonment and ordered to pay $1,807,517.06 in restitution. (Docs. # 443, 591, 594 and 772). On January 13, 2017, the Sixth Circuit affirmed the District Court's Judgment. (Doc. # 822).

On April 13, 2018, Garner filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 882). In his Motion, Garner sets out seventeen (17) grounds, which he argues support his belief that his sentence violated his right to counsel, equal protection and speedy trial rights, as well as alleging ineffective assistance of counsel. *Id.* On May 29, 2018, the United States responded in opposition to Garner's Motion, (Doc. # 898), and Garner subsequently replied in support of his Motion, (Doc. # 903).

As Judge Stinnett noted, Garner's Motion relates in great part to his open guilty plea. (Doc. # 963 at 3). Many of Garner's arguments in support of the Motion relate to

---

[2] As an initial matter, Garner makes no specific objection, *see infra*, to the factual and procedural background outlined in Magistrate Judge Stinnett's R&R. (Doc. # 971 at 1–2). As a result, the relevant factual background as set forth in the R&R is adopted by the Court. *Id.*

[3] Two previous Indictments had been returned charging Garner with the same crime and alleging his participation in the conspiracy. (Docs. # 12 and 43).

Garner's claims of ineffective assistance of counsel by three separate defense attorneys. *See* (Doc. # 882). Among other things, he argues that his counsel and the district court failed to assure that his plea was intelligent and knowing and that he understood the charges against him. *See id*. He also claims his counsel failed to make appropriate pre-trial objections. *See id.* Moreover, he claims that his appellate counsel failed to raise the issue that his guilty plea was not intelligently given on appeal. *See id.* Finally, Garner argues that his case involved prosecutorial misconduct and that he should be able to withdraw his guilty plea. *See id.*

On April 30, 2019, Magistrate Judge Stinnett filed his R&R, recommending that Garner's Motion be denied. (Doc. # 963). In doing so, Judge Stinnett separated Garner's seventeen (17) grounds into two main categories: (1) ineffective assistance of counsel claims and (2) claims related to prosecutorial misconduct and withdrawal of Garner's guilty plea. *Id.* at 2–14.

Judge Stinnett first addressed the ineffective assistance of counsel claims, which were the basis of grounds 1, 2, 3, 5, 8, 10, and 17, and which he concluded were refuted by the record. *Id.* at 2–9. Next, he concluded that the remainder of Garner's arguments, which related to his claim of ineffective assistance of counsel, 3, 4, 6, 7, 14, and 15, fail to meet the *Strickland* standard. *Id.* at 9–13. Finally, he found that Garner's remaining arguments, relating to grounds 9 and 11 and which raise issues of prosecutorial misconduct and withdrawal of his guilty plea, were without merit because they are underdeveloped and conclusory. *Id.* at 13–14.

On May 5, 2019, Garner timely filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. # 971). Having considered the objected-to portions of the

R&R de novo as required, *see infra*, the Court adopts Judge Stinnett's recommendation, (Doc. # 963), as its own.

## II. ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), a habeas petitioner may object to a magistrate judge's R&R. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Sixth Circuit has held "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). While filings by a pro se Defendant must be construed more liberally than those prepared by an attorney, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United* States, 540 U.S. 375, 381-83 (2003), a pro se petitioner is not exempt from following the rules of the Court, *Ashenhust v. Ameriquest Mortg. Co.*, No. 07-13352, 2007 WL 2901416, at *1 (E.D. Mich. Oct. 3, 2007) (citing *McNeill v. United States*, 508 U.S. 106, 113 (1993))

4

(While "[t]hese [objection] rules are tempered by the principle that *pro se* pleadings are to be liberally construed . . . a *pro se* litigant must still comply with the procedural rules of the court.").

B. **Garner's Objections**

Garner did not to raise objections to the R&R as it pertains to grounds 2, 3, 5, 9, 10, 11, 16, and 17; thus, these objections are waived. (Doc. # 971); *see supra*. Instead, Garner makes seven numbered objections, relating to the following grounds raised in his motion: 1, 4, 6, 7, 8, 12, 13, 14, and 15. *Id.* In the instant action, Garner was represented by seven separate attorneys from pre-indictment through his direct appeal. (Doc. # 963 at 2). In his § 2255 motion, Garner made ineffective assistance of counsel claims against three of his attorneys: (1) Andrew Stephens, who represented from his detention hearing on July 30, 2013 until his sentencing on February 2, 2015; (2) Thomas Lyons, who represented him at the restitution hearing; and (3) Mark Wettle who represented Garner during his direct appeal.

Although the grounds in his initial Motion dealt with other matters as well, Garner's objections here relate exclusively to his claims of ineffective assistance of counsel prior to his plea, at the time of his guilty plea, and at the appellate stage of this action. (Doc # 971). Garner's waived objections and his specific objections will be addressed in turn.

*1. Waived Objections*

The United States Supreme Court has held that when the petitioner fails to file any objections, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). "In order to

preserve an issue for appeal, a defendant is required to file objections with the district court to the findings of the magistrate judge." *United States v. Hunter,* 2001 WL 128297 at *4 (6th Cir.2001) (citing *United States v. Walters,* 638 F.2d 947, 949 (6th Cir.1981)). By failing to raise any objection to the R&R as to grounds 2, 3, 5, 9, 10, 11, 16, and 17, Garner waives any objection to the Judge Stinnett's conclusions with respect to these grounds.

### 2. *Ineffective Assistance of Counsel Claims*

As noted above, Garner makes specific objections as to grounds 1, 4, 6, 7, 8, 12, 13, 14, and 15, as listed in his initial motion. (Doc. # 971). Garner's objections relating to his ineffective-assistance-of-counsel claims, however, largely re-argue the grounds raised in his Motion. *Id.* In his R&R, Judge Stinnett identifies two types of ineffective-assistance claims Garner made in his Motion: those that can be refuted by the record and those that fail to meet the *Strickland* standard. (Doc. # 963 at 2–13); *see also*, *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). The Court will similarly categorize Garner's virtually identical ineffective-assistance-of-counsel arguments.

#### i. **Objections refuted by the record**

Garner's third and fourth objections relate to grounds 1 and 8 of his § 2255 Motion. (Doc. # 971 at 7–10). In particular, Garner complains that his attorney, Mr. Stephens coerced his plea (ground 8/objection 3), *id.* at 7–8, and that Mr. Stephens also "...failed to assure that [Garner] had a full understanding and knowledge of the offered plea[,]" (ground 1/objection 4), *id.* at 9–10. In his R&R, Judge Stinnett found that both of these claims are refuted by the record. (Doc. # 963 at 3–9). The Court agrees.

Garner first argued (ground 8) in his § 2255 Motion that Stephens told him he would "not get a 20-year sentence." (Doc. # 424 at 1320–21). Judge Stinnett concluded that, even if Garner's allegation was accurate, it was corrected during Garner's plea colloquy by the Court informing Garner he could get a 20-year sentence and would not be able to withdraw his plea. (Doc. # 963 at 8). The Court agrees with his conclusion.

Garner now objects (objection 3) to the R&R claiming that he was coerced into pleading guilty, by Mr. Stephens alleged statement that if Garner went to trial "...he most definitely [would] get 20 years...[.]" (Doc. # 971 at 8). The Court disagrees with Garner's assessment for the same reasons it agrees with Judge Stinnett's conclusion that even if Garner's allegation was true, it was corrected during Garner's plea colloquy when the Court informed him that he could receive a 20-year sentence even if he pled guilty.

It is undisputed that the Court informed Garner that he could receive a 20-year sentence. After being duly sworn and affirming that he understood his oath of truthfulness, (Doc. # 424 at 4), the District Court conducted a plea colloquy that included, among other things[4], the following relevant exchange:

. . .

**THE COURT:** Are you fully satisfied with the advice, counsel and representation he's given you in this matter?

**THE DEFENDANT:** Yes, sir, I am.

**THE COURT:** I understand there is no plea agreement; is that correct?

**MR. STEPHENS:** That is correct, Your Honor please.

**THE COURT:** Okay, you understand if I accept your plea pursuant to this -- accept your plea to this sole count of this indictment, that will deprive you

---

[4] The R&R includes a lengthy recitation of the plea colloquy. (Doc. # 963 at 3–7). In the interest of clarity and judicial economy, the Court quotes the relevant portions of the plea colloquy and reincorporates by reference the remainder of the plea colloquy. (Doc. # 424 at 2–12).

of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm. Do you understand that?

**THE DEFENDANT:** Yes, sir, I do.

**THE COURT:** The penalties prescribed by law for this offense are not more than twenty years in prison, a $250,000 fine and three years' supervised release, plus a mandatory special assessment of $100 and restitution, if applicable. You understand that?

**THE DEFENDANT:** Yes, I do.

**THE COURT:** While those are the statutory penalties, your sentence will be determined using the -- the sentencing guidelines as a framework for my decision. . . . You will have the right to appeal that sentence to the United States Court of Appeals for the Sixth Circuit. If you are sentenced to prison, you will not be released on parole because parole has been abolished in the federal system. Finally, if a sentence is more severe than you expected, you will still be bound by your plea and will have no right to withdraw it. Do you understand all that?

**THE DEFENDANT:** Yes, I do.

**THE COURT:** Have any questions about it?

**THE DEFENDANT:** No, sir.

. . .

**THE COURT:** Mr. Garner, to the charge we just discussed, how do you plead, guilty or not guilty?

**THE DEFENDANT:** I plead guilty.

(Doc. # 424 at 4–6, 10).

Contrary to Garner's objection, this argument is further refuted by Stephens's November 13, 2013 letter to Garner, which states, in part:

My experience with Judge Hood is that people who come in and admit their guilt are *generally* treated with a far less severe hand than if they go to trial and are convicted or enter a plea according to a plea agreement which is otherwise a plea to the statutory maximum.

8

> Thus, at sentencing, you would be able to argue in mitigation of a statutory maximum sentence asking for a variance under the 3553 sentencing factors. *In my opinion*, this *could* very well apply to you for something along the lines of a far more reasonable sentence than 240 months. Again, my experience dictates to me that upon a plea, *while it would be possible that you could get a Guideline sentence similar to those in Ms. Roth's plea agreement, it is my belief that you could ask for and may very well be granted a variance to a reasonable sentence.*

(Doc. # 971-1 at 10–11) (emphasis added).

These excerpts of the plea colloquy and letter indicate that both Garner's attorney and the district court plainly informed Garner, before he entered his plea, that it would still be possible for him to receive a Guideline sentence near the statutory maximum. Thus, Garner's claim that Stephens coerced him into entering a plea with the promise of a lower sentence than if he went to trial is plainly refuted by the record.

Next, Garner argued (ground 1) that his counsel failed to assure that his guilty plea was knowingly and intelligently given. (Doc. # 882). However, in the R&R, Judge Stinnett concluded that "Garner's claim that he did not understand the 'plea agreement' is rebutted by his admission [during the plea colloquy] that he understood there was no plea agreement." (Doc. # 963 at 8). The Court agrees.

Garner also objects (objection 4) to Judge Stinnett's R&R, claiming that it is in error because "...there was a plea agreement offered in this case." (Doc. # 971 at 9–10). This objection, too, is refuted by the record. The district court's plea colloquy makes clear that there was, indeed, no plea agreement between the parties. In fact, Garner declined to enter the offered plea agreement, which was at the statutory maximum of twenty years. *See* (Doc. # 971-1 at 10) (letter from Stephens discussing the offered plea agreement); (Doc. # 424) (Garner's guilty plea without an agreement). Instead, Garner swore under oath that he knowingly opted to enter an open guilty plea. *See* (Doc. # 424). As the United

States Supreme Court has held "[t]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-73 (1977). Accordingly, the Court finds that Garner's objections are unavailing. Those objections that are clearly refuted by the record are **overruled**.

### ii. Objections failing to meet the *Strickland* test.

The remainder of Garner's objections (1, 2, 5, 6, and 7) relate to grounds 4, 6, 7, 12, 13, 14, and 15 of his § 2255 Motion, and require analysis under the *Strickland* standard. Garner's objections mirror the claims made in his § 2255 Motion, asserting that Stephens, Lyons, and Wettle were ineffective as counsel at differing stages of this action, because, among other things, his counsel allegedly failed to investigate or object to a warrantless search of his vehicle (ground 4), and the search of his email (ground 7), the determination of the number of victims and amount of loss (grounds 12 and 13), the determination of the amount of restitution (grounds 6 and 15), or the application of a leadership enhancement (ground 14). (Doc. # 882).

Reviewing these ineffective-assistance-of-counsel claims, Judge Stinnett ultimately concluded that each failed to meet the two-part test set forth in *Strickland*. (Doc. # 963 at 9–13). Under *Strickland* an ineffective-assistance-of-counsel claim requires that a prisoner show (1) that his "counsel's performance was deficient measured by reference to 'an objective standard of reasonableness'" and (2) "resulting prejudice, which exists where 'there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceedings would have been different.'" *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016) (quoting *Strickland*, 466 U.S. at 688, 694).

"To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688)). Courts have "declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Id*. (quoting *Strickland*, 466 U.S. at 688). Still, a court's review of this prong includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner carries the burden of establishing that "'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Prejudice results from a deficient performance when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693).

Meeting "*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The standard "must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. "Even under *de novo* review, the

standard for judging counsel's representation is a most deferential one" because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id*. Here, Judge Stinnett found that "Garner fails to make a sufficient showing under *Strickland* to prove either prong on any of his remaining grounds of relief." (Doc. # 963 at 10).

As discussed above, Garner alleges in his § 2255 Motion that Stephens was ineffective because he did not object to the number of victims, the amount of loss, and the amount of restitution (grounds 12 and 13). (Doc. # 882 at 11). Garner further argued that Stephens was incompetent because he failed to investigate or object to a warrantless search of his vehicle (ground 4), and the search of his email (ground 7). *Id.*

Judge Stinnett ultimately concluded that these claims were baseless. (Doc. # 963 at 11). He notes that Garner's claims, with respect to the number of victims, the amount of loss, and restitution, were repeatedly contested by Garner's counsel in the district court. *Id.* at 12. In particular, he notes that these proceedings involved Garner's counsel raising objections, eliciting testimony, and cross-examining the Government's witnesses. *Id*. As to Garner's claims that Stephens was ineffective for failing to raise objections to the search of his car, phone, and email, the Judge Stinnett found that there were not legally valid objections or motions Stephens could have made related to the evidence obtained in the inventory search of Garner's car made pursuant to his arrest nor the phone and email search conducted pursuant to a search warrant. *Id.* at 13.

Garner objects to the R&R (objection 5) arguing that Stephens's performance was deficient because he did not object "...to the PSR on the grounds that there was not a

complete investigation concerning the amount of victims... [,]" and that Stephens failed to make the appropriate objections to the amount of restitution. (Doc. # 971 at 11–12). Garner further objects (objections 1 and 2) to the Judge Stinnett's conclusion that "there were no legally valid objects or motions for Mr. Stephens to make" related to the inventory search of Garner's car or the warrant search of his phone and email. *Id.* at 1–6.

First, the Court disagrees with Garner's claim that Stephens was deficient for failing to object to the number of victims. The district court held a hearing on loss, a separate hearing on restitution, and heard testimony on both loss amount and the number of victims at the sentencing hearing. (Docs. # 537, 541, 545, 612, 742, 743, 744, and 805). As noted by Judge Stinnett, the fact that Stephens did not succeed on every motion or objection with regards to the amount of loss and restitution does not make his performance deficient. Thus, his objection on this ground is misguided.

The Court also disagrees with Garner's claim that had Stephens made an objection to the search of his car, phone, and email, all evidence resulting from those searches would have been suppressed. (Doc. # 971 at 1–6). In order to establish a viable claim of ineffective assistance of counsel based upon counsel's failure to file pretrial motions, Garner must be able to demonstrate that the basis for the motion is meritorious, and that there is a reasonable probability that the outcome would have been different. *See Kimmelman v. Morrison*, 477 U.S. 365 (1986). A petitioner must demonstrate this by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Here, Garner fails to do so. As Judge Stinnett noted, the vehicle was searched as part of an inventory search pursuant to a valid arrest and the phone and email were searched pursuant to a search warrant. (Doc. # 963 at 13). Garner has not demonstrated

13

that had Stephens objected to these searches that there was a reasonable probability that the outcome would have been different. Accordingly, this objection also fails.

Further, in his § 2255 Motion, Garner argued that his appellate counsel's legal strategies were unreasonable. Specifically, he claims that he asked Wettle to argue on direct appeal that the district court incorrectly calculated the number of victims and the loss amount and used a procedurally deficient method for determining restitution amount; he argues that Wettle was ineffective for failing to raise those arguments (grounds 6 and 15). (Doc. # 882 at 19). Garner also argued that Wettle was ineffective for choosing not to argue that Garner should have received a 3-level as a supervisor rather than a 4-level enhancement as a leader in the scheme (ground 14). *Id.*

Judge Stinnett dispensed with each of these arguments, noting that Wettle did, in fact, raise the loss issue on direct appeal to the Sixth Circuit, which upheld the district court's ruling, concluding "that the district court made a reasonable estimate of loss." (Doc. # 963 at 11); (Doc. # 822 at 6). Next, he reasoned that Garner cannot show Wettle was ineffective for making the strategic decision not to raise the issue of restitution on appeal. (Doc. # 963 at 11). In particular, he explained that Wettle's decision not to raise this issue was understandable given that the District Court entered a fourteen-page Memorandum Opinion and Order, *id.* (citing (Doc. # 772)), setting forth its methodology and reasons for ordering restitution and the Sixth Circuit upheld, *id.* (citing (Doc. # 822 at 16–18)), restitution amounts against Garner's co-defendants. Finally, he found that Garner's argument that Wettle should have argued that Garner should receive a 3-level rather than 4-level enhancement was unavailing because it would not have reduced the sentence Garner ultimately received. (Doc. # 963 at 11). As a result, Judge Stinnett

concluded that Garner's claims fail to meet the *Strickland* test for showing that Wettle's performance was deficient. *Id.*

Garner objects (objections 6 and 7) to these conclusions. (Doc. # 971 at 13–17). However, Garner makes the same arguments as he raised in his § 2255 Motion. *Id.* Garner claims that Wettle should have raised the issue of the district court's calculation of the number of victims and the method for determining restitution on direct appeal. *Id.* at 13–14. Moreover, he argues that Wettle should have argued on direct appeal that Garner should receive a 3-level rather than 4-level enhancement because doing so ". . . would have reduced [Garner]'s sentence." *Id*.

The Court disagrees. As discussed above, these were contested restitution issues at the district court level, which ultimately held a hearing on loss, a separate hearing on restitution, and heard testimony on both loss amount and the number of victims. (Docs. # 537, 541, 545, 612, 742, 743, 744, and 805). Further, while Garner did, indeed, expressly request Wettle raise these issues on direct appeal, (Doc. # 882 at 28–30), the United States Supreme Court has held that "[t]his process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). As a result, we find Wettle's decision not to raise these issues on direct appeal does not render his assistance ineffective under *Strickland*, particularly where the record reflects the thoroughness of the district court's proceedings related to the number of victims and the methodology and reasoning for ordering the amount of restitution. Simply put, appellate counsel is not required to raise meritless arguments on direct appeal. *See*

*Martin v. Mitchell*, 280 F.3d 594, 607(6th Cir. 2002) (appellate counsel not ineffective for failing to raise an issue that would have failed). Moreover, Judge Stinnett's conclusion that Wettle's decision not to raise the enhancement argument was reasonable given that, even if it were successful, it would not have lowered Garner's guideline range below the 240-month sentence imposed. As a result, the Court finds that Garner's these objections also are meritless, and that there is no relief available to him on the theory that he was provided ineffective assistance of counsel. *Strickland*, 466 U.S. at 694.

### C. Evidentiary Hearing

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Here, because the record refutes Garner's factual allegations and conclusively shows that Garner is not entitled to habeas relief, the Court will not hold an evidentiary hearing. *See Arredondo*, 178 F.3d at 782.

### D. Certificate of Appealability

Finally, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing for constitutional claims rejected on the merits, a defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003). The "question is the debatability

of the underlying constitutional claim, not the resolution of that debate." *Miller–El*, 537 U.S. at 342.

In this case, the Court had considered the issuance of a certificate of appealability as to each of Garner's claims. Ultimately, no reasonable jurist would find the assessments on the merits debatable or wrong. As a result, no certificate of appealability shall issue.

### III.  OTHER PENDING MOTIONS

The adoption of the R&R and the denial of Garner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 moots out many of his other pending motions. The motions that become moot as a result of the Court's denial of Garner's Motion to Vacate include motions requesting documents and transcripts in furtherance of the § 2255 Motion, (Docs. # 868, 878, 879 and 921), a motion regarding the magistrate referral, (Doc. # 908), requests to stay proceedings and resume proceedings, (Docs. # 910 and 915), requests for conferences and hearings in support of his § 2255 Motion, (Doc. # 920 and 921), and motions for summary judgment and default judgment on the claims raised in the § 2255 Motion, (Docs. # 934 and 947). While Judge Stinnett noted some of these motions in his R&R, *see* (Doc. 963 at 15), the Court finds the list of motions that shall be denied as moot to be more extensive. Having reviewed all of the pending motions, as well as Garner's § 2255 Motion and Judge Stinnett's R&R, the Court finds that the following motions must be denied as moot:  Motion in Response to the Court's Order (Doc. # 868), Motion to Compel Attorney Andrew Stephens to Turn Over Requested Documents (Doc. # 878), Motion for Status on Motion Filed Sept. 11, 2017 (Doc. # 879), Motion for Status Concerning DE # 901 Order (Doc. # 908), Motion to

Temporarily Stay Proceedings (Doc. # 910), Motion to Lift Temporary Stay (Doc. # 915), Motion for Evidentiary Hearing (Doc. # 920), Motion for Discovery (Doc. # 921), Motion for Pre-Hearing Conference (Doc. # 922), Motion for Summary Judgment (Doc. # 934), and Motion for Default Judgment (Doc. # 947).

## IV. CONCLUSION

Garner cannot demonstrate that counsel was ineffective, nor has he offered any evidence of prosecutorial misconduct or that the Court should revisit his request to withdraw his guilty plea. Here, ". . . the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the [Court] must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

Accordingly, **IT IS ORDERED** as follows:

(1)  The Report and Recommendation of the United States Magistrate Judge (Doc. # 963) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)  Defendant's Objections (Doc. # 971) are hereby **OVERRULED**;

(3)  Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 882) is hereby **DENIED**;

(4)  Docket entries 868, 878, 879, 908, 910, 915, 920, 921, 922, 934, and 947 are hereby **DENIED AS MOOT**;

(5)  This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket;

(6) For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation (Doc. # 963), the Court determines that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(7) A separate Judgment will be filed concurrently herewith.

This 28th day of January, 2020.

Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\Lexington\2012\12-65 Order Adopting R&R re 2255.docx