**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

**CRIMINAL ACTION NO. 12-65-DLB-MAS-3**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                           <u>**MEMORANDUM ORDER**</u>

**NICHOLAS COREY GARNER**                                     **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon pro se Defendant Nicholas Corey Garner's Motions for Return of Property (Docs. # 917 and 918).  The Government has filed a Response (Doc. # 1014), to which Garner has replied (Doc. # 1034).  In his Motions, Garner seeks the return of personal property seized by law enforcement as part of the wire fraud investigation that eventually led to his conviction.  For the reasons set forth below, Garner's Motions are **denied in substantial part**.

Garner argues in his first Motion that $12,000 in U.S. currency was seized by Indiana officers without a warrant and "released to the federal government without a turnover order from the state Court in violation of Indiana state law." (Doc. # 917 at 1). Garner in his second Motion requests the return of $6,000 in U.S. currency, an Evolis Pebble 4 Basis Printer valued at $2,400, and a briefcase valued at $100, all of which he says were seized from his vehicle without probable cause or a warrant.  (Doc. # 918 at 1-2).

In response, the United States asserts that the $18,000 in currency Garner requests is not in its possession, as those funds were already ordered turned over to the

clerk for the Eastern District of Kentucky in partial satisfaction of Garner's restitution obligations.  (Doc. # 1014 at 1) (citing Docs. # 975 and 982).  The Court's previous Order regarding these funds was affirmed by the Sixth Circuit Court of Appeals.  In reviewing the record, the Court of Appeals determined that the currency was seized by the U.S. Secret Service—not Indiana State Police—and that its application to Garner's restitution obligations was valid because "Garner does not deny that the money was part of the wire fraud conspiracy to which he pleaded guilty," and "[h]e has no right to contraband funds." (Doc. # 1001 at 3).  Moreover, the Court of Appeals reasoned that federal statutes authorized the Government's use of Garner's assets to satisfy his restitution judgment.  (*Id.*) (citing 18 U.S.C. §§ 3613(c), 3664(m)(1)(A)(ii)).

In his reply brief, Garner does not contest the Government's assertions that the $18,000 in U.S. currency was already lawfully credited towards his restitution balance.  In fact, Garner makes no mention of the currency in his reply brief, pressing only his claim to the printer.  (*See* Doc. # 1034).  Accordingly, Garner has not demonstrated that he is entitled to return of the currency he requests.

Although the Government acknowledges that it is in possession of the printer, it successfully challenges Garner's contention that he is entitled to its return.  As with the currency discussed above, the printer in question is an asset that may be used to pay Garner's restitution.  "A restitution order under § 3664 creates 'a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax,' and that lien 'arises on the entry of judgment.'" (Doc. # 1001 at 3) (quoting 18 U.S.C. § 3613(c)).  In addition, the Sixth Circuit has endorsed the practice of applying seized assets to help satisfy a monetary penalty

2

imposed as part of a sentence when doing so would be equitable. *See United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990); *see also Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002). As the Sixth Circuit noted in *Duncan*, [t]he government ha[s] an interest in insuring that the monetary penalties imposed as part of the sentence [are] paid." 918 F.2d at 654. That interest is especially strong in this case, as Garner was convicted of defrauding a large number of individuals, many of whom sustained significant losses. (Doc. # 775-1). Garner has not established that his ownership interest in the printer (assuming he has one) overrides the substantial government interest in enforcing the restitution judgment against him. Accordingly, Garner is not entitled to return of the printer. Furthermore, the Government may move for an order that the printer be sold and that its proceeds be used to pay off Garner's restitution balance.

Garner cites 18 U.S.C. § 3613A to argue that his assets may be taken only upon a finding that he is in default on his payment of restitution and that no such finding has been made here. (Doc. # 1034 at 1-2). But even assuming that a showing of default is required, it is sufficiently apparent that Garner has defaulted. In the Court's amended judgment issued on June 11, 2015, Garner was held jointly and severally liable with seven other defendants for restitution totaling $1,807,617.06, all of which was due immediately. (Doc. # 775 at 6-7). A defendant defaults on an order of restitution if he fails to pay the required amount within 90 days. 18 U.S.C. § 3572(i). The Court's Order entered on June 13, 2019—over four years after entry of judgment—indicates that the Defendants' (including Garner's) relinquishment of $61,155.54 only partially satisfied their restitution obligations. (Doc. # 982). Nothing in the record indicates that the restitution judgment has since been paid off. Moreover, the Government's request to apply proceeds from the

3

sale of the printer to Garner's restitution judgment suggests that Garner has not satisfied his obligations. As Garner's restitution obligations remain outstanding, the Court is empowered to order that seized property—here, the printer—be used towards any remaining restitution balance. *See United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993); *cf. Duncan*, 918 F.2d at 654.

In a further attempt to obtain a return of the printer, Garner attacks the legality of the restitution judgment generally, arguing that the Court failed to include a schedule of payments as required by 18 U.S.C. § 3664(f)(2) and *United States v. Davis*, 306 F.3d 398, 426 (6th Cir. 2002). The time for bringing such a challenge, however, has come and gone. "[W]here a defendant fails to challenge the restitution order at sentencing or on direct appeal, he waives the right to later attack it unless he demonstrates exceptional circumstances that excuse the failure." *United States v. Greco*, No. 17-3593, 2018 U.S. App. LEXIS 19223, at *5 (6th Cir. July 12, 2018) (citing *Cani v. United States*, 331 F.3d 1210, 1213-14 (11th Cir. 2003) and *Dohrmann v. United States*, 442 F.3d 1279, 1280-81 (11th Cir. 2006)). Garner had the opportunity to challenge the legality of his restitution judgment on direct appeal but chose not to. *See United States v. Carmichael*, 676 F. App'x 402, 405, 412 (6th Cir. 2017) (noting that Garner's co-defendants, but not Garner, challenged the amount of restitution ordered on direct appeal). Garner has not shown exceptional circumstances excusing his previous failure to attack the restitution order and has therefore forfeited the opportunity to do so now.

Finally, with regard to the briefcase Garner requests returned, the Government asserts that it provided the briefcase to the Clerk of the Court on December 8, 2014 and

4

does not oppose it's being returned to Garner. (Doc. # 1014 at 2-3). Thus, if in fact the briefcase is in the Clerk's possession, it shall be returned to Garner.

Accordingly, **IT IS ORDERED** that Garner's Motions for Return of Property (Docs. # 917 and 918) are **DENIED** except as to the briefcase, which the Clerk shall return to Garner if it is in the Clerk's possession. **IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. §§ 3613(a) and 3664(m)(1)(A), the Government may move for a writ of execution with respect to the Evolis Pebble 4 Basis Printer, serial number 10000233649, in order to enforce Garner's restitution judgment. Such a motion shall be made **not later than 30 days from the date of entry of this Order**.

This 29th day of January, 2021.

Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\Lexington\2012\12-65-3 Order Denying 917 and 918.docx